**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA D. LAMBERT,

          Plaintiff-Appellant,

  v.

WILLIAM DENNIS, Chief and ISLAND
COUNTY,

          Defendants-Appellees.

No.   17-35080

D.C. No. 2:15-cv-01213-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted September 6, 2018[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Former Washington state pre-trial detainee Joshua D. Lambert appeals pro

se the district court's summary judgment in Lambert's 42 U.S.C. § 1983 action

alleging that defendants violated his constitutional rights by placing him in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative segregation, the Behavior Management Module, and on suicide watch, confiscating his legal materials when he was no longer proceeding pro se in his criminal trial, and denying him medical care. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Lambert failed to provide evidence that he timely exhausted prison grievance procedures concerning his claim. *See id.* at 1171-72 (Prison Litigation Reform Act mandates that inmates exhaust all available administrative remedies); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *see also Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (nonmoving party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements").

The district court did not abuse its discretion in denying Lambert's motion to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review; discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in striking as untimely Lambert's objections to the magistrate judge's Report and Recommendation. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (standard of review; describing district court's "inherent power" to control its docket (citation and internal quotation marks omitted)). Lambert's motion to supplement the excerpts of record (Dkt. No. 26) is denied.

**AFFIRMED.**